IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00887-BNB

OSCAR HINOJOS-MENDOZA,

    Plaintiff,

v.

JUDGE THOMAS ENSOR,
JUDGE DONALD MARSHALL,
DISTRICT ATTORNEY MICHAEL BRASS,
ATTORNEY AL CABRAL, and
DETECTIVE PATRICK FITZGIBBONS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2008

GREGORY C. LANGHAM
               CLERK

---

ORDER OF DISMISSAL

---

Plaintiff Oscar Hinojos-Mendoza is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Buena Vista, Colorado, Correctional Facility. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and to 28 U.S.C. §§ 2671-2680, the Federal Tort Claims Act (FTCA).

The Court must construe the Complaint liberally because Mr. Hinojos-Mendoza is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. Hinojos-Mendoza sets forth three claims. In Claim One, he asserts that in violation of the Vienna Treaty the Mexican Consulate was not called to appear in his

defense in his State of Colorado criminal proceedings in Adams County. In Claim Two, Mr. Hinojos-Mendoza asserts that Adams County did not have jurisdiction over his criminal trial in 2003. Finally in Claim Three, Plaintiff asserts that he was subject to entrapment by the Denver Police Department in 1998 and found guilty of drug offenses that he did not commit. Plaintiff seeks money damages and the vacating of his 1999 conviction.

To the extent that Plaintiff is attempting to seek habeas relief for a wrongful conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1).

Even if Plaintiff's claims regarding the validity of his conviction and sentence were found to have merit, he may not challenge the validity of his conviction in this action for money damages pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Id.* at 486-87.

A judgment in favor of Mr. Hinojos-Mendoza, in this action, necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated his conviction. Mr. Hinojos-Mendoza does not

allege an invalidation of his conviction or sentence nor is there an indication in the Complaint that he was granted one. Any claims challenging Plaintiff's criminal state court proceedings would be barred by *Heck*. The FTCA like § 1983 is not an appropriate vehicle for challenging the validity of an outstanding criminal judgment. *Parris v. U.S.*, 45 F.3d 383 (10th Cir. 1995).

Plaintiff's claims also suffer from other deficiencies. Defendants Judge Thomas Ensor and Donald Marshall are absolutely immune from liability in civil rights suits when they are acting in their judicial capacities, unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

Judge Ensor's sentencing of Plaintiff is an action taken in his judicial capacity. Furthermore, Judge Ensor and Judge Marshall's decision to not involve the Mexican Consulate in Plaintiff's criminal proceeding again is an action taken in their judicial capacity. Judge Enzor and Judge Marshall were not acting in the clear absence of all jurisdiction. Therefore, the claims asserted against them are barred by absolute judicial immunity.

Defendant Michael Brass is a district attorney. With respect to the prosecutorial activities in which Defendant Brass was involved in Plaintiff's state criminal case, he enjoys immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Hinojos-Mendoza's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting

3

*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant Brass is an inappropriate party to this action based on absolute immunity.

Defendant Al Cabral is a private attorney. Any named Defendant who is a private attorney is not a state actor under § 1983 and would not be a proper party in the instant action. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

Nonetheless, Plaintiff's claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 17 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-00887-BNB

Oscar Hinojos-Mendoza
Prisoner No. 116595
Buena Vista Corr. Facility
PO Box 2017 - South 3W7
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/17/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk